### In re KAUFFMAN.

### No. 9774.

District Court, M. D. Pennsylvania.

April 16, 1941.

A. J. White Hutton and John Smarsh, both of Chambersburg, Pa., for petitioner.

William C. Hazlett, of Chambersburg, Pa., for opposing creditors and county treasurer.

JOHNSON, District Judge.

This is a petition by the debtor to review the report of the conciliation commissioner, which recommends dismissal of a rule and temporary restraining order heretofore granted.

On April 18, 1938 the debtor filed his petition for relief under section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, which was dismissed by order of this court on December 28, 1938. From the order of dismissal no appeal was taken. More than a year and a half later, on July 21, 1940, execution having issued against his properties, the debtor filed an amended petition praying the benefits of subsection s of Section 75, at the same time obtaining a rule and temporary restraining order, restraining the sheriff and the county treasurer from selling his property. Answers were filed by the execution creditor and the

county treasurer, and the petition and answers were referred to the commissioner to make a report and recommendations.

The commissioner's conclusion is that "David Pentz Kauffman by reason of his laches and unreasonable delay in filing his petition for the benefits of subsection s of Section 75 of the Bankruptcy Act, after the dismissal of his petition under section 75, forfeited his right to any further benefits under the Act, and particularly so since the time for filing a petition under section 75 of the Bankruptcy Act has expired. Wherefore, the undersigned Conciliation Commissioner recommends that the rule and temporary restraining order be dismissed."

█ The Commissioner is in error in stating that the time for filing a petition under section 75 has expired, since the latest amendment provides a petition may be filed at any time prior to March 4, 1944. Section 75, sub. c, as amended.

█ Since the property involved constitutes all the assets of the debtor, the restraining order heretofore granted will be continued pending the outcome of further proceedings in accordance with Section 75, sub. s of the Bankruptcy Act. The Act provides safeguards "to protect the rights of secured creditors, throughout the proceedings, to the extent of the value of the property. * * * There is no constitutional claim of the creditor to more than that. And so long as that right is protected the creditor certainly is in no position to insist that doubts or ambiguities in the Act be resolved in its favor and against the debtor. Rather, the Act must be liberally construed to give the debtor the full measure of the relief afforded by Congress". Wright v. Union Central Life Insurance Co., 311 U.S. 273, 61 S.Ct. 196, 199, 85 L.Ed. ——, 44 A. B.R.,N.S., 280, 285; John Hancock Mutual Life Insurance Co. v. Bartels, 308 U.S. 180, 60 S.Ct. 221, 84 L.Ed. 176; Borchard v. California Bank, 310 U.S. 311, 60 S.Ct. 957, 84 L.Ed. 1222; Kalb v. Feuerstein, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370.

It is therefore ordered that the petition for review be allowed, that the commissioner's recommendations be overruled and reversed, and the restraining order is continued until further order of this court and the case is remanded to the Conciliation Commissioner for further proceedings in accordance with section 75, sub. s of the Bankruptcy Act.